# OCTOBER, 1916

## Stanley Price v. The State.

### No. 4123.   Decided October 4, 1916.

**Carrying Pistol—Statement of Facts—Practice on Appeal.**

Where the alleged statement of facts and bills of exception were filed after term time in the County Court without an order, authorizing such filing, the same must be stricken from the record; however, if considered, there was no reversible error, etc.

Appeal from the County Court of Fayette.  Tried below before the Hon. George Willrich.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

*John T. Duncan* and *Aaron Burleson*, for appellant.

*C. C. McDonald*, Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant prosecutes this appeal from a conviction for unlawfully carrying a pistol with the lowest punishment assessed.

The court convened April 3 and adjourned for the term April 21, 1916. He was convicted April 4. No order was made authorizing a statement of facts or bills of exception to be filed after term time. These documents were not filed till May 12, 1916, twenty-one days after adjournment.

The State has made a motion to strike them from the record because not filed in time. Appellant's attorney has filed an affidavit to the effect:

That ten or twelve days prior to the date of the signing of said documents—which was that long after adjournment—he filed them with the county judge, and instructed him that if the county attorney would not agree to the statement of facts, he would have to prepare one himself; that it was a well known fact that he and the county attorney had never been able to agree on a statement of facts, and it was a common occurrence for the judge to have to prepare it; that the county attorney, after being absent from home for several days called on him and told him he would agree to, and sign, his statement of facts, at which time he objected because he did not know when court had adjourned, and the county attorney assured him the date was within the time required by law; that although he (appellant's attorney) himself at first refused to sign, upon this assurance, he did sign. No affidavit is made about the bills of exceptions.

As stated, no order was made permitting these documents to be filed after adjournment. He had from April 4th, the date of the trial, to April 21st, the date of adjournment, to get them. From the affidavit it appears they were not at any time submitted by appellant to the county attorney, nor to the county judge, until "ten or twelve days prior to the date of their signing," which was eight to eleven days after adjournment.

Under the statute and uniform decisions, the Assistant Attorney General's motion to strike them out and not consider them, must be, and is, sustained. Without these no question is raised which we can review. However, we might say, that we have looked over said documents, and if we could consider them, under the authorities, no reversible error would be presented.

The judgment is affirmed.

*Affirmed.*